Grace SCHAEFER et al.,
Plaintiffs-Appellees,

v.

Philip TANNIAN et al., Defendants,

and

Detroit Police Officers Association,
Defendant-Appellant.

No. 75–1960.

United States Court of Appeals,
Sixth Circuit.

Argued June 14, 1976.

Decided June 25, 1976.

---

James M. Moore, Nancy Jean Van Lopik, Gregory, Van Lopik & Higle, Kermit G. Bailer, William B. Beach, Detroit, Mich., Armand Bove, Grosse Pointe Woods, Mich., for defendant-appellant.

John Runyan, Jr. and Cynthia E. Gitt, Employment Discrimination Clinic, William J. Monaghan, Detroit, Mich., for plaintiffs-appellees.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

In this case the Detroit Police Officers Association appeals from a preliminary injunction issued by District Judge Ralph Freeman as a result of a Title VII complaint filed by a number of women police officers on the staff of the Detroit Police Department. The original action alleged violations of Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Supp. III, 1973), *amending* 42 U.S.C. § 2000e *et seq.* (1970), and constitutional violations made actionable by 42 U.S.C. § 1983 (1970) in that women applicants at the Detroit Police Department had been denied hiring privileges for regular policemen's positions as a result of discriminatory hiring and promotion practices. Prior to the entry of the order which is currently under appeal, the District Court had granted summary judgment and ordered the Department in the future to administer examinations equally to men and women applicants and to administer examinations to all female applicants on file who had not previously been allowed to take any entrance examination and to hire one qualified female for each male hired until further order of the court or until the list of eligible females was exhausted. This order resulted in the hiring of over 100 female police officers. No appeal from that order is before this court.

Subsequent to these proceedings, under financial pressures, the City of Detroit decided to lay off 813 police officers. Plaintiffs thereupon moved for a temporary restraining order and preliminary injunction to prevent the layoff of all female police officers who had been hired under the court's previous order.

After taking testimony and considering affidavits concerning this petition, and after noting that 100 of the female officers hired under the prior order were hired with

federal funds under the Comprehensive Employment and Training Act of 1973, 29 U.S.C. § 801 *et seq.* (Supp. IV, 1974), the District Judge entered a preliminary injunction prohibiting the lay-off of any officers, female or *male,* hired with CETA funds.

An appeal to this court was taken by the Detroit Police Officers Association, which organization had been added to the list of defendants in this case as necessary parties on the representation that they were the exclusive bargaining agent for all of the patrolmen in the department. Appellant association contends before us that the District Court's preliminary injunction violates a bona fide seniority system and, hence, should be vacated as clearly erroneous. It also contends that the preliminary injunction awards relief to over 100 recently hired male police officers whose status was not and is not involved in the current litigation.

■ Dealing first with the second appellate issue stated above, this court vacates that portion of the preliminary injunction prohibiting the lay-off of male employees hired under the Comprehensive Employment and Training Act of 1973. No discrimination as to these employees has been either alleged, proved, or found in this litigation, and we find no basis for this portion of the relief granted.

■ As to the first appellate issue stated by appellant association, we have a quite different problem. The briefing in this case was done prior to the decision of the United States Supreme Court in *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444, 44 U.S.L.W. 4356 (1976). Briefly put, the Supreme Court in the *Franks* case held that an award of retroactive seniority to persons found to have been discriminated against in violation of the provisions of Title VII could be entered under the "broad equitable discretion" of the Federal District Court, as vested by § 706(g) even if the seniority system in effect is facially nondiscriminatory. Since *Franks* appears to require individual determinations as to the remedial seniority status to be accorded to victims of

discriminatory hiring practices, and since the District Court did not have the advantage of the *Franks v. Bowman* opinion at the time of its last adjudication, this case is remanded to the District Court for the additional hearings and decisions called for by *Franks v. Bowman, supra.*